```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND
_____
                                   )
JULIO E. RIVERA,                   )
         Plaintiff,                )
                                   )
     v.                            )    C.A. No. 19-458-WES
                                   )
PATRICIA COYNE-FAGUE, et al.,      )
         Defendants.               )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, District Judge.

Pending before the Court is Defendants' Motion to Dismiss, ECF No. 13, Plaintiff Julio E. Rivera's Complaint, ECF No. 1. Rivera, a prisoner at the Adult Correctional Institutions ("ACI"), has brought a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Director Coyne-Fague, Assistant Director Kettle, Deputy Warden Cloud, Lieutenant Freeman, Investigator Raposa, and Investigator Cabral (collectively "Defendants"), all of whom are sued in their individual and official capacities. Defendants seek dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons that follow, the Motion to Dismiss is GRANTED in part and DENIED in part.

I.  BACKGROUND

For purposes of this Memorandum and Order, the Court accepts as true the allegations in Rivera's Complaint.

Rivera is an inmate at the ACI in Cranston, Rhode Island. Compl. ¶ 3, ECF No. 1. Defendants are officials and/or officers at the ACI. Id. ¶¶ 4-7. In his pro se Complaint, Rivera alleges violations of 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the United States Constitution, and the "Morris Rules." Id. ¶¶ 20-22. In brief, Rivera alleges that he was investigated and booked for drug trafficking without physical evidence, found guilty by a one-person disciplinary board, again without evidence, and was sanctioned to 365 days in disciplinary confinement and loss of 365 days of good time. Id. ¶¶ 9-13. His appeals were denied. Id. ¶¶ 14-15. Rivera seeks declaratory and injunctive relief, compensatory and punitive damages, and costs. Id. ¶¶ 24-28.

On January 17, 2019, Rivera was removed from his cell and escorted to disciplinary confinement pending an investigation into narcotics trafficking at the ACI. Id. ¶ 9. Defendants Raposa and Cabral conducted an investigation and on January 29, 2019, booked Rivera for trafficking narcotics. Id. ¶ 10. Rivera went before the Disciplinary Board, which was conducted by Defendant Freeman, on February 1, 2019. Id. ¶ 12. During the hearing, Rivera asked to see the evidence but was informed there was no evidence. Id.

¶ 13.[1]  Defendant Freeman found that Rivera was guilty as charged and sanctioned him to 365 days' disciplinary confinement as well as loss of 365 days of good time.  Id.  Rivera appealed the decision to the Warden through his designee, Defendant Cloud.  Id. ¶ 14.  His appeal was denied.  Id.  Rivera then exhausted his administrative remedies by appealing the denial to Defendant Kettle and, subsequently, Defendant Coyne-Fague, both of whom denied the appeals.  Id. ¶ 15.

Rivera filed the instant Complaint on August 29, 2019.[2]  Defendants filed the Motion to Dismiss, ECF No. 13, on November 15, 2019.  On December 2, 2019, Rivera filed an Objection to Defendants' Motion to Dismiss, ECF No. 14. Defendants thereafter filed a Reply Memorandum, ECF No. 15, in support of their Motion to Dismiss.

II.  STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

---

[1]  Presumably Rivera is referring to physical evidence, as he states elsewhere in his Complaint.  Compl. ¶¶ 11, 20.

[2]  The Complaint is dated August 29, 2019, and is deemed filed on that date.  See Houston v. Lack, 487 U.S. 266, 276 (1988)(concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A complaint which "pleads facts that are merely consistent with a defendant's liability" is insufficient.  Id. at 678 (citation and internal quotation marks omitted).  In considering a motion to dismiss a prisoner's claim that his constitutional rights have been violated, the court must be guided by the principle that, while "prison officials are to be accorded substantial deference in the way they run their prisons, this does not mean that [courts] will rubber stamp or mechanically accept the judgments of prison administrators." Spratt v. R.I. Dep't of Corr., 482 F.3d 33, 40 (1st Cir. 2007) (internal citation and quotation marks omitted).  The Court holds the allegations of a pro se litigant "to less stringent standards than formal pleadings drafted by lawyers . . . ." Haines v. Kerner, 404 U.S. 519, 520 (1972).

III. DISCUSSION

    A.  Individual Capacity Claims

    Pursuant to § 1983:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "In order to maintain a section 1983 action, the conduct complained [of] must be committed by a 'person' acting under color of state law and the conduct must have deprived the plaintiff of a constitutional right or federal statutory right." Hewes v. R.I. Dep't of Corr., C.A. No. 00-205 S, 2003 WL 751027, at *2 (D.R.I. Feb. 11, 2003) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)).

Rivera alleges that all Defendants violated his rights under the Eighth Amendment, Compl. ¶¶ 20-22; that Defendant Freeman violated his rights under the Fourteenth Amendment, id. ¶ 21; and that Defendant Freeman also violated his rights under the Morris Rules, id. ¶¶ 12, 21. Defendants argue that Rivera's Complaint fails to state a claim under which relief may be granted and that it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss 1, ECF No. 13; Defs.' Mem. Law in Supp. Mot. to Dismiss ("Defs.' Mem.") 1, 4-9, ECF No. 13-1. The Court addresses each of Rivera's claims, albeit in different order.

Rivera claims that Defendant Freeman violated his Fourteenth Amendment right to due process "when he did not dismiss the booking for lack of evidence . . . ." Compl. ¶ 21.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due

-5-

process and acknowledged that under certain circumstances a state may create liberty interests which are protected by the Due Process Clause. Id. at 483-84. However, the interests generally are limited to those which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Assuming that Rivera intends to include the punishment resulting from the allegedly unsupported booking in his claim, at this, the pleading stage, he has plausibly identified a liberty interest. See DuPonte v. Wall, 288 F. Supp. 3d 504, 509 (D.R.I. 2018) ("Prisoners held in segregation may have liberty interests protected by the Due Process Clause of the Fourteenth Amendment."); see also id. (noting that "[c]ourts have recognized that extreme length of disciplinary confinement can be a significant factor in implicating liberty interest" and citing cases).[3] Thus, the Court turns to the process due Rivera.

The Supreme Court described the process due a prisoner accused of a disciplinary infraction in Wolff v. McDonnell, 418 U.S. 539 (1974), as follows: (1) he must receive written notice of the charges; (2) he must be "allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or

---

[3] Loss of good time credit does not implicate a liberty interest, however, because Rhode Island has made the award of good time discretionary. DuPonte, 288 F. Supp. 3d at 510 n.3.

correctional goals"; and (3) "there must be a written statement by the fact finder as to the evidence relied on and reasons" for the decision. Id. at 564, 566 (internal citation omitted).

In his Complaint, Rivera does not dispute that the above procedures were followed. Indeed, in his memorandum supporting his Objection to the Motion to Dismiss, he acknowledges that he was given notice, received a hearing within twenty-four hours of receiving such notice, and was able to speak with a counselor before the hearing. Pl.'s Mem. Law in Supp. Obj. to Defs.' Mot. To Dismiss ("Obj Mem.") 3, ECF No. 14-1. Rivera claims, however, that he was not given the opportunity to properly defend himself due to the vagueness in the description of the booking. Id. As Defendants correctly note, Rivera has included additional facts and documents in the Objection that were not part of the Complaint. Defs.' Reply Mem. Law in Supp. of Mot. to Dismiss ("Defs.' Reply Mem.) 2, ECF No. 15. The documents, for the most part, are sufficiently referenced in the Complaint, and, in fact, support that the Wolff requirements were met and demonstrate that Rivera was able to defend himself during the hearing. See Obj. Mem. Attach. 1, Offender's Report 2-3, 6, ECF No. 14-2.

"The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in

the disciplinary hearing." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

Here, as noted above, there was some evidence—in the form of an ongoing investigation, phone monitoring, interviews, and confidential information-to support Defendant Freeman's guilty finding. See Offender's Report at 2. Thus, the standard has been met, and Rivera has not shown a due process violation for failure to dismiss the booking.

Accordingly, Defendants' Motion to Dismiss is GRANTED as to Rivera's Fourteenth Amendment claim against Defendant Freeman in his individual capacity, and said claim is DISMISSED.

Rivera also alleges Eighth Amendment violations on the part of all Defendants in their individual capacities. Compl. ¶¶ 20-22. "To state a claim under the Eighth Amendment, a prisoner must plausibly allege that he faces cruel and unusual conditions of confinement and that the prison officials were deliberately indifferent to those conditions." DuPonte, 288 F. Supp. 3d at 512 (citing Wilson v. Seiter, 501 U.S. 294, 303 (1991)). "Deliberate

-8-

indifference requires that (1) the defendant[s] knew of (2) a substantial risk (3) of serious harm and (4) disregarded that risk." Id. at 513 (internal quotation marks omitted). Thus, an Eighth Amendment claim contains both an objective and a subjective component. Jefferson v. Raimondo, C.A. No. 17-439 WES, 2018 WL 3873233, at *2 (D.R.I. Aug. 15, 2018) ("To prevail on an Eighth Amendment claim, 'a plaintiff must satisfy both a subjective and objective inquiry.'" (quoting Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 (1st Cir. 2011))).

Rivera alleges that Defendants Raposa and Cabral violated his rights under the Eighth Amendment "when they booked him without any physical evidence." Compl. ¶ 20. However, the Offender's Report Rivera attached to his Objection to the Motion to Dismiss states that: "Based on an ongoing narcotics investigation at Maximum Security to include phone monitoring, interviews conducted, and information attained from confidential informants; it has been determined Inmate Rivera was involved in trafficking narcotics in the institution." Offender's Report 2. A supervisor reviewed the evidence and found the booking valid based on the investigation and evidence. Id. Although Defendants Raposa and Cabral may not have obtained actual narcotics as part of their investigation, clearly the booking was based on "some evidence." See Hill, 472 U.S. at 457.

Rivera has not demonstrated that the booking itself subjected him to cruel and unusual conditions of confinement. DuPonte, 288 F. Supp. 3d at 512. Nor has he demonstrated that Defendants Raposa and Cabral acted with deliberate indifference. See id. Although Rivera alleges that Defendants Raposa and Cabral "conspired with Defendant Freeman to fulfill their conspiracy to have the Plaintiff sanctioned without any physical evidence," Compl. ¶ 16, he has provided no evidence whatsoever of any conspiracy. The Court is not required to credit such an unsupported allegation, see DuPonte, 288 F. Supp. 3d at 508 ("[T]he Court need not credit bald assertions or unverifiable conclusions.")(internal citation omitted), or equate it with deliberate indifference, see Akinrinola v. Wall, C.A. No. 16-370-JJM, 2016 WL 6462203, at *2 (D.R.I. Oct. 31, 2016) ("Merely using constitutional words in a complaint are not sufficient to state a claim."). Accordingly, Rivera has failed to state an Eighth Amendment claim upon which relief may be granted against Defendants Raposa and Cabral in their individual capacities. See Fed. R. Civ. P. 12(b)(6). Defendants' Motion to Dismiss is therefore GRANTED as to this claim, and the claim is DISMISSED.

The Eighth Amendment claims against the remaining Defendants are more troubling. Rivera brings Eighth Amendment claims against Defendant Freeman in his individual capacity for "sanction[ing] the Plaintiff to [disciplinary confinement] for 365 days and an

-10-

unauthorized sanction of 365 days loss of good time," Compl. ¶ 21, and against Defendants Coyne-Fague, Kettle, and Cloud in their individual capacities for "den[ying] his appeals for remedy," id. ¶ 22.  According to Rivera, all Defendants acted with deliberate indifference.  Id. ¶ 18.

In DuPonte, the petitioner similarly alleged that his year of disciplinary confinement violated the Eighth Amendment's prohibition on cruel and unusual punishment.  288 F. Supp. 3d at 512.  The Court observed:

> The First Circuit has held that prison punishment otherwise permitted may violate the Eighth Amendment if "it is extremely disproportionate, arbitrary or unnecessary." O'Brien v. Moriarty, 489 F.2d 941, 944 (1st Cir. 1974).  In O'Brien, the First Circuit rejected an Eighth Amendment claim where the prisoners received the same food as others; did not complain of heat, sanitation, lighting, or bedding; and were allowed out of their cells for an hour each day.  Id.  However, the court noted that, if imposed "for too long a period, even the permissible forms of solitary confinement might violate the Eighth Amendment," and that most cases upholding solitary confinement are where it is "a *short-term* punishment for disciplinary infractions."  Id. (emphasis added); see also Hutto v. Finney, 437 U.S. 678, 687 . . . (1978) (unpleasant conditions of confinement "might be tolerable for a few days and intolerably cruel for weeks or months").

DuPonte, 288 F. Supp. 3d at 513.  The Court found in DuPonte that, at the pleading stage, the petitioner had "plausibly alleged an Eighth Amendment violation," id. at 513, and that the petitioner's "allegations that [d]efendants acted with deliberate indifference are plausible," id.

-11-

The Court explained:

> Mr. DuPonte has alleged conditions tantamount to solitary confinement. While these conditions may be permissible in short bouts under some circumstances, Mr. DuPonte has been made to endure them for a year. In recent years, society has become increasingly aware of the profound impact that solitary confinement can have on an individual's mental and physical health. It is plausible that a reasonable fact-finder could conclude that the conditions alleged by Mr. DuPonte—and the length of time for which he must face them—violate the "evolving standards of decency that mark the progress of a maturing society."

Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).

The Court further found that the allegations that the defendants acted with deliberate indifference were plausible. Id. The Court first noted that "placement of prisoners in solitary confinement poses a substantial risk of serious harm." Id. In particular, "[t]he damage that prolonged solitary confinement can inflict upon the human mind has been long documented and acknowledged, both around the world and at home." Id. Second, the Court found that this knowledge could plausibly be "charged to the [d]efendants":

> Locally, on June 29, 2017, the Rhode Island Special Legislative Commission to Study and Assess the Use of Solitary Confinement at the Rhode Island ACI (the "Commission") published its Report. Defendant Ashbel T. Wall, the [then] director of the RIDOC, was a member of the Commission. The Report recognizes that solitary confinement has recently been the focus of a world-wide human rights campaign, and cites criticism calling the practice dehumanizing. The Report likens Rhode Island's disciplinary confinement to solitary confinement. The Commission heard testimony from subjects of solitary confinement, who testified to the lasting negative

> impact of their isolation . . . on their mental and physical health. The Commission also received testimony that prolonged isolation causes higher rates of psychiatric hospitalization, sleeplessness, anxiety, depression and suicidal thoughts among prisoners. The Report cites testimony regarding the lack of any empirical evidence of the effectiveness of solitary confinement as a tool to deter recidivism or change a prisoner's behavior. Among the recommendations of the Commission are time limits, including 15 day maximum sentence for disciplinary confinement.

Id. at 513-14 (second alteration in original) (internal citations and quotation marks omitted). The Court concluded that there were sufficient allegations that the defendants in DuPonte ignored the risk of harm to the plaintiff in that case, in part because of the fact that, even though the Report recommended no more than fifteen days in disciplinary segregation, he was sentenced to 365 days. Id. at 514. Here, too, the Court concludes that the harms caused by long-term segregation noted above may plausibly be imputed to Defendants Freeman, Cloud, Kettle, and Coyne-Fague who, nonetheless, sentenced Rivera to 365 days of disciplinary confinement or upheld said sentence.

To be sure, the allegations in the complaint in DuPonte were more detailed than those in the instant Complaint. Nonetheless, the Court agrees that, at this point in the litigation, Rivera has plausibly alleged that he was subjected to cruel and unusual conditions of confinement and that Defendants were indifferent to the harms posed by those conditions. Accordingly, the Motion to Dismiss is DENIED as to the individual capacity damages claims

-13-

against Defendants Freeman, Coyne-Fague, Kettle, and Cloud based on the Eighth Amendment.[4]

B. Official Capacity Claims

Defendants argue that Rivera's damages claims against Defendants in their official capacities must be dismissed. Defs.' Mem. 13. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). This is because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. (internal citations omitted); see also DuPonte, 288 F. Supp. 3d at 514 ("Will held that state defendants sued in their official capacities cannot be sued for money damages."). States are immune from such suits except in limited circumstances. Will, 491 U.S. at 66. However, relief in the form of declaratory and injunctive relief is still available from Defendants in their official capacities under Will. DuPonte, 288 F. Supp. 3d at 515 (citing Will, 491 U.S. at 89-90 (Stevens, J., dissenting); Quern v. Jordan, 440 U.S. 332, 337 (1979)).

---

[4] The Motion to Dismiss is GRANTED as to any claims based on the loss of good time credit. See n.3.

Based on the foregoing, all claims for monetary damages against Defendants in their official capacities must be dismissed. Defendants' Motion to Dismiss is GRANTED as to all official capacity claims for compensatory and punitive damages and DENIED as to his requests for declaratory and injunctive relief against Defendants in their official capacities.

C. Morris Rules Claim

Lastly, Plaintiff alleges that Defendant Freedman violated the Morris Rules by conducting a one-member disciplinary board. Compl. ¶¶ 12, 21. "The Morris Rules were promulgated in consequence of a consent decree entered by the United States District Court for the District of Rhode Island." Akinrinola, 2016 WL 6462203, at *1 (quoting Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991)). The First Circuit has described the Morris Rules as "a set of rules for due process within prison that was carefully shaped by prisoners and correctional administrators working together under the aegis of the District Court." Paiva v. R.I. Dep't of Corr., 498 F. Supp. 3d 277, 280 n.5 (D.R.I. 2020) (quoting Palmigiano v. Baxter, 487 F.2d 1280, 1286 (1st Cir. 1973), vacated and rev'd on other grounds, 425 U.S. 308 (1976)).[5]

---

[5] For a thorough discussion of the Morris Rules, see Paiva, 498 F. Supp. 3d at 280-83.

In Paiva, the Court ordered RIDOC to "reinstate the Morris Rules as its disciplinary policy in their entirety and without modification within thirty days of [its] Order." 498 F. Supp. 3d at 287. The Court, however, has stayed its Order until further

-15-

"The First Circuit has definitively ruled that inmates may not bring 'individual section 1983 actions for injunctive or declaratory relief which are based on consent decree violations.'" Akinrinola, 2016 WL 6462203, at *1 (quoting Lother v. Vose, 89 F.3d 823 (1st Cir. 1996) (unpublished)); see also Hicks-Hinson, 2021 WL 978809, at *1 (noting that any claim for injunctive relief under the Morris Rules must be brought in the Morris case itself because "there is no individual right to enforce the Morris Rules"). "Moreover, 'the First Circuit [has] found no state created liberty interest in the Morris Rules and therefore no right to enforce them in a damages action under federal law.'" Hicks-Hinson, 2021 WL 978809, at *1 (quoting Paiva, 498 F. Supp. 3d at 282 n.9) (alteration in original).[6]

Therefore, Defendants' Motion to Dismiss is GRANTED as to Rivera's Morris Rules claim against Defendant Freeman in his individual capacity, and the Morris Rules claim is DISMISSED.

---

notice. See Hicks-Hinson v. R.I. Dep't of Corr., C.A. No. 20-141-JJM, 2021 WL 978809, at *1 (D.R.I. Mar. 16, 2021).

[6] Even if Rivera had brought this claim as a due process allegation against Defendant Freeman under the Fourteenth Amendment, it would still fail. For starters, as noted above, there is no state-created liberty interest in the Morris Rules, see Hicks-Hinson, 2021 WL 978809, at *1. Further, the disciplinary proceedings at issue conformed to the requirements set forth by the Supreme Court in Wolff, 418 U.S. at 564, 566, and "some evidence" supported Defendant Freeman's finding of guilt, Hill, 472 U.S. at 457.

IV.     CONCLUSION

To summarize, Defendants' Motion to Dismiss, ECF No. 13, is GRANTED in part and DENIED in part.  Defendants' Motion to Dismiss as to official capacity claims for monetary damages is GRANTED, and all claims brought against Defendants in their official capacities for compensatory and punitive damages are DISMISSED.  The requests for declaratory and injunctive relief against Defendants in their official capacities remain.  Defendants' Motion to Dismiss Rivera's Eighth Amendment claim against Defendants Raposa and Cabral in their individual capacities is GRANTED, and that claim is DISMISSED.  Defendants' Motion to Dismiss the Eighth Amendment claims against Defendants Coyne-Fague, Kettle, Cloud, and Freeman in their individual capacities is DENIED.  The Motion to Dismiss the Fourteenth Amendment claim and Morris Rules claim against Defendant Freeman in his individual capacity is GRANTED, and those claims are DISMISSED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: September 30, 2021